McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment. The case was submitted to the determination of the Court upon a statement of facts agreed upon by the parties. The material facts are these: On the 22d day of May, *330 1837, a grant issued to Monroe, the defendant in error, for a tract of land lying in Grundy county, containing one thousand acres. And on the 4th day of March, 1845, one Lazarus Adams made an entry in the entry taker’s office in said county of Grundy, for three hundred acres of land, lying entirely within the bounds of the foregoing grant to Monroe, which entry is in the following words and figures : “ No 26—Lazarus Adams, enters three hundred acres of land in Grundy county, Tennessee, on Cumberland Mountain, on the waters of Collins River, on the Turpentine branch; beginning on a Maple, on the Maple branch, on Gideon Gilley’s line, where it crosses the Maple branch, running thence westwardly, to Henry F. Spring’s north east corner ; thence with his line west, thence north, thence east, thence south, Gideon Gilley’s line to the beginning, so as to include three hundred acres of land.” On the 15th of August, 1849, a survey was made in accordance with the calls of said entry, and on the 25th day of the same -month a grant issued thereon. Adams took possession under said entry, and continued to hold adversely, from the date thereof up to the 27th day of September, 1851, when he sold and conveyed said tract of three hundred acres to Ramsay, the plaintiff in error, who continued, by himself and tenants, to claim and hold adverse possession of the same, to the time of the commencement of the present action, which was on the 14th of September, 1854. Two fields were enclosed within the bounds of the entry, one of twelve, and the other of six acres, which have been used and occupied more • than seven years, before the institution of *331 tbis suit. It is not shown in this record, that there was any possession on the part of Monroe, of any part of the land within the boundaries of his grant.
Upon the foregoing facts, the Circuit Judge held that the plaintiff, Monroe, had the better title to all the land covered by said entry, except the portions included in the two fields above mentioned, to which the defendant had acquired a superior title by operation of the statute of limitations.
It will be observed that, between the commencement of the adverse possession under the entry, and the institution of this suit, more than seven years have elapsed, but from the issuance of the grant, only about five years. And inasmuch as the grant cannot relate beyond its date, as respects the operation of the first section of the statute of limitations of 1819, the defendant is in no better situation than if the grant had not issued. The question then is, to what extent can the defendant avail himself of the adverse possession under the entry, as a defence to the plaintiff’s action, by the provision of the second section of the statute.
In the opinion of the Circuit Judge, and also in the argument here, it is assumed, that until the boundary lines of the entry were actually run and marked, the defendant’s possession was limited to his actual enclosures; and this not having been done until a period less than seven years before the commencement of the plaintiff’s suit, the defendant cannot be held to have had constructive possession to the boundaries of the entry, and consequently, the protection of the statute *332 extends only to the portions of the land embraced by the actual enclosures.
We cannot concur in this reasoning. The law considers that as certain which is capable of being made certain. It is not indispensable to the validity or operation of an entry, or of a grant, that an actual survey should have been made of such entry. If the calls of an entry are sufficiently special and certain to indicate clearly the land intended to be appropriated, and to enable the surveyor, from the face of the paper, to trace the lines with the compass in accordance with such calls, the purposes of the law are fulfilled. It is good against a subsequent enterer, and is sufficient notice to all persons and for all purposes. The boundaries of the entry, in such case, are, in contemplation of law, fixed and certain, before being traced upon the ground and marked by the surveyor; because the law has prescribed a precise rule by which the survey shall be made. There is no force in the objection that the length of the lines is not stated in the calls of the entry. The law supplies the supposed defect. The beginning and terminus of the first line are stated with certainty in the entry; and the law requires that it shall, if practicable, be laid off in a square or oblong,' not more than twice as long as broad. This entry is a good special entry, and being such it would be sufficient notice, as against a subsequent enterer of the land appropriated and claimed by virtue thereof, and we perceive no sufficient reason why it should not have the same effect as against a prior enterer, in view of the statute of limitations.
We are of opinion, therefore, that the plaintiff’s *333 action is barred. The judgment of the Circuit Court will be reversed, and judgment will be rendered in favor of the defendant, upon the agreed case.